Omar Qazi #49760048
NEVADA SOUTHERN. DETENTION CENTER
2190 E. MESQUITE AVENUE
PAHRUMP, NEVADA 89060

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA

                Plaintiff

       v.

DEFENDANT      Omar Qazi

                Defendant

Docket No.  2:15-cr-00014-APG-VCF

**Motion to Dismiss Indictment For Violation of Double Jeopardy Clause**

Relief Sought

Certification: This Motion is being Filed timely.

COMES NOW, The Defendant, Omar Qazi, Pro Se, by and through myself of record and hereby moves this Honorable Court to Dismiss Indictment for Violation of Double Jeopardy Clause. This motion is based on the following Memorandum of Points and Authorities, Exhibits, the Indictment, and any other evidence or oral argument the Court may entertain.

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 1 2 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## Memorandum of Points & Authorities

The Double Jeopardy Clause protects a defendant from even the "risk" of being punished twice for the same offense. The complexity of modern criminal law often results in many charges arising from the same act or series of acts. Consequently, double jeopardy protection depends on whether two offenses are considered the "same offense." This determination is important in multiple prosecutions for related acts. Under United States v. Blockburger, double jeopardy bars subsequent prosecutions for a single act. **See (284 US 299-305)**

The Double Jeopardy Clause declares: **"[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb ...." US Const, Amdt 5.** This constitutional proscription serves primarily to preserve the finality of judgments in criminal prosecutions and to protect the defendant from prosecutorial overreaching. **See, e. g., Ohio v Johnson, 467 US 493, 498-499, 81 L Ed 2d 425, 104 S Ct 2536 (1984); United States v DiFrancesco, 449 US 117, 128, 136, 66 L Ed 2d 328, 101 S Ct 426 (1980).**

In Green v United States, 355 US 184, 2 L Ed 2d 199, 78 S Ct 221, 77 Ohio L Abs 202, 61 ALR2d 1119 (1957), the Court explained:

"The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." **Id., at 187-188, 2 L Ed 2d 199, 78 S Ct 221, 77 Ohio L Abs 202, 61 ALR2d 1119.**

In the case before us the situation is, that defendant was charged and tried in State Court for the same offense of Ex-Felon in possession of a firearm, From the same episode: date of January 6, 2015 and Defendant's Case was dismissed in District Court following a Preliminary Hearing. **See Exhibit A**

Defendant urges that "[w]here the charges arise from a single criminal act, occurrence, episode, or transaction, they must be tried in a single proceeding. **Brown v Ohio, 432 US, at 170 [53 L Ed 2d 187, 97 S Ct 2221]**

Sweep of double jeopardy clause of Fifth Amendment, where it is applicable, is absolute, and there are no equities to be balanced in determining whether second trial should be held, for clause has declared constitutional policy, based on grounds which are not open to judicial examination; double jeopardy clause of Fifth Amendment forbids second trial for purpose of affording prosecution another opportunity to supply evidence which it failed to muster in first proceeding; it does not allow state to make repeated attempts to convict individual for alleged offense, since constitutional prohibition against double jeopardy is designed to protect individual from being subjected to hazards of trial and possible conviction more than once for alleged offense. **See Burks v United States (1978) 437 US 1, 57 L Ed 2d 1, 98 S Ct 2141**

Protections of double jeopardy clause of Federal Constitution's Fifth Amendment stem from underlying premise that defendant should not be twice tried or punished for same offense; clause operates as bar against repeated attempts to convict, with consequent subjection of defendant to embarrassment, expense, anxiety, and insecurity, and possibility that he may be found guilty even though innocent; primary evil to be guarded against is successive prosecutions. **See Schiro v Farley (1994) 510 US 222, 127 L Ed 2d 47, 114 S Ct 783, 94 CDOS 368, 94 Daily Journal DAR 627, 7 FLW Fed S 700, reh den (1994) 510 US 1215, 127 L Ed 2d 688, 114 S Ct 1341**

Provision of the Fifth Amendment against double jeopardy is designed to protect individual from being subjected to hazards of trial and possible conviction more than once for alleged offense;

underlying idea is that state with all its resources and power should not be allowed to make repeated attempts to convict individual for alleged offense, thereby subjecting him to embarrassment, expense, and ordeal, and compelling him to live in continuing state of anxiety and insecurity, as well as enhancing possibility that even though innocent he may be found guilty. **See Green v United States (1957) 355 US 184, 2 L Ed 2d 199, 78 S Ct 221, 77 Ohio L Abs 202, 61 ALR2d 1119;  Crist v Bretz (1978) 437 US 28, 57 L Ed 2d 24, 98 S Ct 2156, 10 Ohio Ops 3d 466**

Prohibition is not against being twice punished, but against being twice put in jeopardy, and accused, whether convicted or acquitted, is equally put in jeopardy at first trial. **See United States v Ball (1896) 163 US 662, 41 L Ed 300, 16 S Ct 1192**

Double jeopardy clause serves to safeguard society against enhanced risk of conviction of innocent persons that could result from repeated marshaling of state's vast resources to mount successive prosecutions against individual. **See United States v Moore (1979, App DC) 198 US App DC 296, 613 F.2d 1029, cert den (1980) 446 US 954, 64 L Ed 2d 811, 100 S Ct 2922**

**See Abney v. U.S., 431 U.S. 651, 660-62 (1977)** (double jeopardy challenges immediately appealable because Double Jeopardy Clause protects against even "risk" of trial, including "personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense").
**See Ashe v. Swenson, 397 U.S. 436, 446 n.10 (1970)** ("With the advent of specificity in draftsmanship and the extraordinary proliferation of overlapping and related statutory offenses, it became possible for prosecutors to spin out a startlingly numerous series of offenses from a single alleged criminal transaction.").

Generally double jeopardy provision prohibits second trial for purpose of affording prosecution another opportunity to supply evidence which it failed to muster in first proceeding, and prevents government from honing its trial strategies and perfecting its evidence through successive attempts at

conviction. **See Ingalls Shipbuilding v United States (1990) 21 Cl Ct 117, 36 CCF ⱶ 75908**

Double jeopardy clause includes doctrine of collateral estoppel and prohibits state from relitigating any issue determined in prior prosecution of same party which includes evidentiary as well as ultimate facts and is to be retroactively applied. See **Blackburn v Cross (1975, CA5 Fla) 510 F.2d 1014, reh den (1975, CA5 Fla) 517 F.2d 464**

Fifth Amendment's double jeopardy prohibition is not against being twice punished, but against being twice put in jeopardy; "twice put in jeopardy" language relates to potential risk that accused for second time will be convicted of "same offense" for which he was initially tried. **Price v Georgia (1970) 398 US 323, 26 L Ed 2d 300, 90 S Ct 1757**

This second prosecution is a violation of defendants Fifth Amendment right not to be twice put in jeopardy. The double jeopardy clause nevertheless bars this second prosecution because it grows out of the same criminal episode as the first.

## Conclusion

For the reasons stated in this motion, defendant Omar Qazi respectfully requests that this Indictment be dismissed with prejudice.

Dated this _10_ day of August, 2015

Respectfully Submitted

Omar Qazi, Pro Se

Omar Qazi #49760048

NEVADA SOUTHERN. DETENTION CENTER

2190 E. MESQUITE AVENUE

PAHRUMP, NEVADA 89060

# Exhibit A



## Certificate of Service

I hereby certify that on the _10_ day of August, 2015, I mailed my Memorandum to the court, to the following:

Clerk of the Court
District Court
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. South, Rm. 1334
Las Vegas, NV 89101

U.S. District Attorney Office
District of Nevada
333 Las Vegas Blvd. South, Ste. 5000
Las Vegas, NV 89101

**\* Copy of Receipt Requested \***

Omar Qazi #49760048
Nevada Southern Detention Center
2190 E. Mesquite Ave.
Pahrump, NV 89060

JUSTICE COURT, LAS VEGAS TOWNSHIP
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

Plaintiff,

-vs-

OMAR WASIM QAZI #1993576,

Defendant.

CASE NO:   15F00233X

DEPT NO:   2

CRIMINAL COMPLAINT

The Defendant above named having committed the crimes of POSSESSION OF FIREARM BY EX-FELON (Category B Felony - NRS 202.360 - NOC 51460); and POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO SELL (Category D Felony - NRS 453.337 - NOC 51141), in the manner following, to-wit:   That the said Defendant, on or about the 6th day of January, 2015, at and within the County of Clark, State of Nevada,

COUNT 1 - POSSESSION OF FIREARM BY EX-FELON

did then and there wilfully, unlawfully, and feloniously own or have in his possession, or under his control, a weapon, to-wit:   a Smith & Wesson .22 caliber, bearing Serial No. M37231, the said Defendant being an ex-felon, having in 2012, been convicted of Battery With Substantial Bodily Harm, in Case No. C273567, in the Eighth Judicial District Court, Clark County, a felony under the laws of the State of Nevada.

COUNT 2 - POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO SELL

did then and there wilfully, unlawfully, and feloniously possess, for the purpose of sale, a controlled substance, to-wit:   Methamphetamine.

COUNT 3 - POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO SELL

did then and there wilfully, unlawfully, and feloniously possess, for the purpose of sale, a controlled substance, to-wit:   Marijuana.

///
///

1.9.15  SLP  JC2  P/C  PDApbt
PH  1.21.15 @ 9.am ( PDD )
* State may be calling Feds on this *

W:\2015F\002\33\15F00233-COMP-001.DOCX

All of which is contrary to the form, force and effect of Statutes in such cases made and provided and against the peace and dignity of the State of Nevada. Said Complainant makes this declaration subject to the penalty of perjury.

01/07/15

15F00233X/cas
LVMPD EV# 1501062982
(TK2)